**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 3 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50108 |
| Plaintiff-Appellee, | D.C. No. 2:15-cr-00605-AB |
| v. | |
| GENARO GILBERT VELASCO GARCIA, a.k.a. Genaro Garcia, a.k.a. Genaro Velasco, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
André Birotte, Jr., District Judge, Presiding

Submitted June 26, 2017[**]

Before:     PAEZ, BEA, and MURGUIA, Circuit Judges.

Genaro Gilbert Velasco Garcia appeals from the district court's judgment

and challenges the 70-month sentence imposed following his guilty-plea

conviction for possession with intent to distribute methamphetamine, in violation

of 21 U.S.C. § 841(a)(1) and (b)(1)(C).  We have jurisdiction under 28 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1291, and we affirm.

Garcia contends that the district court erred in denying his request for a mitigating role adjustment under U.S.S.G. § 3B1.2. He argues that the court failed to evaluate his culpability relative to others in the drug distribution scheme and that he is entitled to the adjustment under the five factors enumerated in the commentary to the Guideline. We review the district court's interpretation of the Guidelines de novo and its application of the Guidelines to the facts of the case for abuse of discretion. *See United States v. Gasca-Ruiz,* 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc). The record reflects that the district court properly considered Garcia's role in the trafficking scheme, and the factors enumerated in the Guideline and the totality of the circumstances, to determine whether Garcia was "substantially less culpable than the average participant." *See* U.S.S.G. § 3B1.2 cmt. n.3(A), (C); *United States v. Quintero-Leyva*, 823 F.3d 519, 523 (9th Cir. 2016). Moreover, in light of the circumstances of the offense, the district court did not abuse its discretion in concluding that Garcia was not a minor or minimal participant.

**AFFIRMED.**